**Beatrice Egan and Janet Maule, Trading as the Betty Jane Beauty Shop, Appellants, v. Elsie Mudd, Appellee.**

Opinion filed June 4, 1931.

JOHN W. FREELS, for appellants; ROPIEQUET & FREELS, of counsel.

LOUIS BEASLEY and EDWARD C. ZULLEY, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

This is an appeal from a judgment for $1,000 obtained in the city court of East St. Louis by the appellee against the appellants who were doing business as and under the name of the Betty Jane Beauty Shop. The appellants were operating under aforesaid name a hairdressing establishment in East St. Louis, and the appellee received an injury to her scalp which the jury, by its verdict, has found was negligently inflicted by the appellants while she was having her hair treated by them in their place of business.

Appellants insist that the judgment of the trial court should be reversed and the case remanded to that court, because the verdict of the jury is so excessive that it is obvious the jury either disregarded the evidence, or were influenced by passion or prejudice. The damages claimed in the declaration are loss of hair, disfiguring scars, pain, injury to the head and nervous system, impairment of earning capacity, loss of wages, and medical expenses.

As to the manner the appellee received the injury complained of, it is sufficient to state that the appellee sustained a burn on her scalp while appellants were treating her hair to effect what is known as a "permanent wave." Briefly stated, the desired result of the

treatment in this case was brought about by a process of winding and tying strands of hair of the appellee around pencil-shaped aluminum rods, then wrapping the hair in pieces of moistened flannel over which pads to protect the scalp were fastened by clips; electric heaters, two on each of a series of wires, which were suspended from a chandelier, were then attached to the rods and the electricity turned on. Forty of such rods were applied and used by the appellants in treating the hair of the appellee and some of them were placed near the place of the burn. The appellee arrived at the shop at 8:30 o'clock on the evening of Friday, August 8, 1930, and left there about two hours later.

The appellee testified that she went home from the shop suffering from a headache and a pain in the back part of her head, and retired. Saturday morning the appellee worked in the Fulton Bag Company in St. Louis, where she was employed, and in the afternoon, being free of her employment, she went shopping. She was still suffering from headache and also stiff neck on Sunday, and in the afternoon went to bed. On Monday the appellee complained to Mrs. Egan, one of the appellants, that she had been burned during the treatment on Friday. Mrs. Egan examined the burned spot, and put cold cream on it, and arranged to have Dr. Holten visit the appellee. On Tuesday Dr. Holten examined the appellee and found that she was ill from tonsilitis; that the tonsilitis was disabling, but the burn was not. The attack of tonsilitis yielded rapidly to the treatment prescribed by the doctor and it was proved, appellee not claiming to the contrary, that the tonsilitis was not caused by or connected with the burn. Upon the advice of the doctor, rubbing alcohol was applied to the burn. Dr. Holten visited the appellee twice that week. On Friday, acting on his own volition, he took Dr. Van Boyd with him to see the appellee. Dr. Van Boyd testified that the burn could not have caused sufficient disability to require

the appellee to go to bed. The two doctors removed the hair surrounding the burn for a space the size of a silver dollar. They both testified that the burn was then the size of a nickel or a dime piece. On Saturday the appellee called on Dr. Holten at his office and the doctor found a small amount of pus in the wound, treated it, and applied a bandage. Both of these doctors were called as witnesses by the appellants. On Monday a Dr. Griffith treated the wound and applied a bandage, but he was not called as a witness by either of the parties.

On August 22, or 23, the appellee consulted Dr. Campbell who treated the burn until it healed. Dr. Campbell was called as a witness by the appellee and testified that he found an open, infected sore, about the size of a quarter or half dollar, on the back and in the center of the appellee's head and on a level with the tops of the ears. It was a deep burn and all the layers of the skin of the scalp were destroyed. The wound gradually made improvement under his treatment and was healed by the 29th of September. The wound remained open from August 22 until some time between September 20 and 29. The doctor was of the opinion that the wound may have become larger after the first day he saw it, due to little edges of the skin surrounding the wound sloughing off. He also testified that the wound is healed and the scar is scar tissue about the size of the end of his thumb. That scar tissue is "a peculiar and particular kind of tissue that nature supplies to fill up the space where some other tissue has been destroyed." "No scar tissue has hair roots or follicles in it." "There is no chance of having hair in this place unless you would cut the scar out and graft skin in that had hair on it."

The appellee exhibited her head to the jury; she testified that she suffered pain; was 22 years of age, and employed in a factory earning $4 a day.

That the appellee has lost hair, suffered pain and sustained a permanent injury to her head is conclusively shown by the evidence. Nothing appears in the record, nor is the location and character of the scar of such a nature to indicate that the jury was not warranted in finding that the scar is disfiguring. These were all elements of damages to be considered by the jury in arriving at the amount of its verdict; that they are not readily estimated in money must be conceded. The appellee lost about five days from her employment, and her medical expenses are $40. We have carefully read the arguments and cases cited by the parties to the appeal. We do not think it can be fairly said that it is clear, as contended by the appellants, that the verdict of the jury is so excessive that it is obvious the jury either disregarded the evidence or were influenced by passion or prejudice in arriving at its verdict.

While the appellant's witness, Dr. Van Boyd, was on the witness stand, the appellants requested that the appellee again exhibit her head to the jury to show by the doctor that the burn and shaved part of her head previously shown was not the result of the burn he saw August 14, and that the shaved space exhibited to the jury was much larger than the part affected by the burn. Objection being made by the appellee, the request was denied. It is contended by the appellants that the purpose of this proposed exhibition and demonstration was to correct the unfair, distorted or exaggerated impression of the injury being left with the jury by an unexplained exhibition. As stated by the appellants their testimony was to the effect that the shaved part of the scalp was larger than the now permanent scar. Their point is that Doctor Campbell should have been permitted to point out to the jury the scar and the shaved part of the head. We think this was quite plain without the aid of the doctor's demonstration and no expert knowledge was required

to aid the jury to see the size and location of the scar. If the jury considered that the appellee had sustained damages by reason of part of her hair being shaved off for a temporary time, we cannot say this was wrong. The ruling of the court was not reversible error. The judgment of the city court of East St. Louis is hereby affirmed.

*Affirmed.*